In re OPINION OF THE JUDGES.

In re FRANK CLARK.

No. A-8712.   March 30, 1934.
(31 Pac. [2d] 159.)

DAVENPORT, J. The record submitted, to which is attached your request above mentioned, discloses that the said Frank Clark was charged with murder by information in the district court of McCurtain county, and that

said information was filed in said court on the 28th day of February, 1934; that on the said day testimony was taken and the defendant entered his plea of guilty. The court fixed March 5, 1934, as the date of sentence for the defendant, and on the said 5th day of March, 1934, defendant was sentenced to death by electrocution on the 18th day of May, 1934.

Under the Constitution and the laws of this state, any person convicted of a felony may appeal within six months from the date the judgment is rendered. Under the provisions of section 3192, Oklahoma Statutes 1931, the defendant, if he takes proper steps, may perfect his appeal to this court. This court has uniformly held that the provisions of section 2786, C. O. S. 1921, now section 3172, Okla. Stats. 1931, contemplate an advisory opinion where the appeal has not been taken from the judgment and sentence of death. To render an advisory opinion where the time given for appeal has not expired, and where an appeal may be perfected, would be to prejudge the case upon an ex parte proceeding, which might be brought before the court upon an appeal. This court cannot assume that the defendant will not appeal until the time for such an appeal shall have expired, or the right to appeal shall have been expressly waived. In order that the defendant shall not be deprived of his right to appeal within six months, the execution of the sentence of death should be postponed to some date after the 5th of September, 1934. If in the meantime the appeal is perfected and filed in this court, such appeal will automatically give the accused the right to a further suspension of the execution of the sentence until the appeal shall be determined upon its merits.

EDWARDS, P. J., and CHAPPELL, J., concur.